Deaderick, J.,
delivered tbe. opinion of tbe court.:
Tbe bill in this case was filed in tbe chancery court at Jackson on tbe 15th of July, 1870.
It alleges that on the 19th of May, 1870, complainant recovered in tbe circuit court of Madison coimty, a judgment against M. Bullock, John L. Brown, and M. Brown, for $4,335.23, and $18.80, costs of suit.
Upon this judgment an execution was issued and returned nulla bona. Upon -tbis return being made, and within less than sixty days after the rendition of the judgment, complainant registered a memorandum of his judgment, under sec. 2984 of the Code.
Thereupon he filed his bill, alleging that either John L. Brown or M. If. Brown, or both_of them, owned a lot of land in the town of Jackson, describing it, which had been conveyed to them either by bond or deed, and that there was due to the vendor nearly two thousand dollars of the purchase money, for which the vendor retained a lien; that the alleged vendor, M. 0. Butler, had intermarried with Thos. Henderson, and they were made defendants to the bill together with the defendants to the suit at law. The bill prays for an account to ascertain the amount due the vendors, and for the disclosure of the character of the title to the said lot, whether the same is held by title bond or deed, and that said lot be sold on a credit- of seven months in bar of tbe equity of redemption, and that after paying tbe vendor’s lien, tbe balance may be applied to the satisfaction of complainant’s debt and cost, and also for general relief.
John L. and M. F. Brown admit the rendition of the *436 judgment at law against them. M. B. Brown disclaims any title to the lot, and John L. Brown claims that the lot was conveyed to him by deed, in which a lien for purchase money was retained, but said deed was never registered, nor is it exhibited with defendant’s answer.
He insists, however, that inasmuch as complainant had registered a memorandum of his judgment, and has alleged that defendant’s title is equitable-, and as, in fact, his title is a legal one held by unregistered deed, that the complainant cannot have the relief he seeks, and that his bill ^should be dismissed. We do not think so-. It is manifest from the allegations of the bill that complainant sought to have satisfaction of his debt out of the lot after the satisfaction of the vendor’s lien, but was not advised whether the contract of sale was evidenced by title bond or by deed. His having registered a memorandum of his judgment, cannot prejudice him, and defendants having answered and discovered the nature of their title, and admitted the indebtedness, as alleged, although the title might be a legal one, and without any incumbrance, the complainant would be entitled to the relief prayed.
The allegations in the bill and admissions in the answer, however, show that there is a subsisting lien upon the lot to secure unpaid purchase money. This is an incumbrance upon the land, the amount of which should be ascertained and provided for out of the proceeds of the sale. And it is proper to have this matter ascertained by a reference to the master, so as to- have the rights of all parties adjusted in this suit.
The chancellor ordered a sale of the lot, subject to- the vendor’s lien, for the satisfaction of complainant’s claim, from which decree John L. Brown appealed.
There was no- error in the chancellor’s decree declaring the lot of land, subject to the vendor’s lien, liable to complainant’s claim. Before a sale is ordered, however, the clerk of this court will ascertain and report to the present *437 term, if practicable, the amount due for unpaid purchase, and whether the whole amount of the purchase is due, if not, at what time it will fall due, and he will also calculate the interest upon the judgment at law, recovered by complainant. from the time of its rendition to the time of filing his report, showing the amount due complainant.
The costs of this court and of the court below will be paid out of proceeds of sale of land.
Opinion on exceptions to report.
Deaderick, J.,
delivered the opinion of the court:
The defendant, John L. Brown, has excepted to the master’s report in the following particulars:
1. That the amount due the complainant is erroneously reported at $5,740.50, and $18.80 costs, because there is no legal or sufficient evidence referred to -in the report to sustain the report.
The report does not, as it should do, refer to' the evidence upon which it is made, but the bill charges that at May term, 1870, of the circuit court of Madison county, complainant obtained his judgment for $4,335.23, and $18.80 costs, against defendant Brown et al. And the answer of John L. Brown admits that at said circuit court, and on the 19th of May, 1870, complainant did obtain the judgment for $4,335.23, and $18.80 cost of suit.
The clerk, in his report, takes the admissions of the answer as to the exact day of the rendition of the judgment, and calculates the interest from that date.
Tt is manifest, therefore, that there is no foundation for this exception, and it will be overruled.
2. The second exception is, in effect, that the purchase money was not due from him, said Brown.
The notes themselves, produced by the holders thereof, show that it was due at the time complainant filed his bill. This exception will be overruled.
The third and fourth exceptions are that the notes *438 produced do not prove that the interest thereon had not been paid as per contract, and that upon payment of the interest regularly every six months, the notes, were not to be clue until 1866.
Upon one note dated June 1, 1866, the payee indorsed that the payment of the note might be postponed “from six months to six months, not exceeding ten years from date, provided that on or before the 1st day of December, 1866, and every six months thereafter, the interest is paid.” Upon this note the interest to December 1, 1866, was not paid until February, 1867.
A similar privilege by the payee to the payor is given upon another note upon condition that the interest is paid 11th of February, 1867, and semiannually thereafter for ten years.
No interest seems to have been paid upon this note at any time, and as the privileges were extended upon conditions which the defendant does not show he has performed, these exceptions are not well taken, and are overruled.
The fifth and last exception is that the credits on the two notes last named were not applied in accordance with the terms of the contract. If the fact be as alleged, the defendant should have shown it by evidence.
There being no evidence to sustain this exception the credits given are prima facie correct in date and amount, and this exception wfill be also overruled.